1  MORGAN, LEWIS & BOCKIUS LLP
   John S. Battenfeld, Bar No. 119513
2  Karen Y. Cho, Bar No. 274810
   Eva M. Nofri, Bar No. 347894
3  300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA  90071-3132
   Tel:   +1.213.612.2500
5  Fax:   +1.213.612.2501
   john.battenfeld@morganlewis.com
6  karen.cho@morganlewis.com
   eva.nofri@morganlewis.com
7
   Attorneys for Defendant
8  NORTHROP GRUMMAN SYSTEMS
   CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHELTON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware corporation<br><br>　　　　　Defendants. | Case No. 2:26-cv-00625<br><br>[Los Angeles County Superior Court Case No 25STCV29395]<br><br>**DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed:  October 7, 2025 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 651649761.3

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Northrop Grumman Systems Corporation ("Northrop") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California. Federal diversity jurisdiction exists over Plaintiff's Complaint, as set forth below.

## I.   PROCEDURAL BACKGROUND

1.   On October 7, 2025, Plaintiff Anthony Shelton ("Plaintiff") filed his Complaint in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV29395 ("the Superior Court Action") against Northrop.

2.   On December 22, 2025, Plaintiff served the Summons and Complaint on Northrop. A copy of Plaintiff's Complaint and Summons is attached to the Declaration of Eva M. Nofri ("Nofri Decl.") as **Exhibit A**, which is a true and correct copy of the Complaint and Summons served on Northrop in the Superior Court action. A copy of the accompanying case initiation and service documents filed in this case are attached to the Declaration of Eva M. Nofri as **Exhibit B**, which are true and correct copies of the process and orders served upon Northrop and filed in the Superior Court action. Exhibits A-B constitute all the pleadings, process and orders in the Superior Court Action to Northrop's knowledge to date. *See id.* ¶¶2-4.

3.   Plaintiff's Complaint alleges the following causes of action: (1) Retaliation in Violation of FEHA (Gov. Code § 12940(h)); (2) Failure to Investigate Harassment Complaint in Violation of FEHA (Gov. Code § 12940(j), (k)); and (3) Intentional Misclassification (Lab. Code §§ 510, 515.5, 203, 226). Nofri Decl., Exh. A.

## II. THIS REMOVAL IS TIMELY

4. Plaintiff served Northrop's registered agent for service of process with the Summons and Complaint on December 22, 2025. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint on Northrop, it is timely under 28 U.S.C. § 1446(b). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. DIVERSITY JURISDICTION EXISTS

5. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. Removal to this Court is proper because the action involves citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. §§ 1441(a), (b).[1]

### A. Complete Diversity of Citizenship Exists Between the Parties

6. A federal court has diversity jurisdiction if all plaintiffs are diverse from all defendants, 28 U.S.C. § 1332(a), and no defendant is a citizen of the same state in which the action was brought. 28 U.S.C. § 1441(b)(2). Here, both requirements are met because Plaintiff is a citizen of California, and Northrop is a citizen of Delaware and Virginia.

#### 1. Plaintiff Anthony Shelton Is A Citizen of California

7. "An individual is a citizen of the state in which he is domiciled...." *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265, F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's

---

[1] This Notice of Removal discusses the nature and amount of damages that Plaintiff's Complaint puts at issue. Northrop's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum. Northrop maintains that each of Plaintiff's claims lacks merit and that it is not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Northrop's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

8. At the time Plaintiff commenced this action, Plaintiff was a citizen of the State of California. Plaintiff alleges in his Complaint that ". . . [Plaintiff] is and at all times relevant was a resident of California." *See* Nofri Decl., Exh. A, ¶ 3. Plaintiff alleges that he began his employment with Northrop on October 10, 2022. Exh. A, ¶ 8. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"), *citing*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff does not allege that he was a citizen of any state other than California and Northrop is informed and believes that Plaintiff is not now, nor was, a citizen of Delaware or Virginia at any time relevant to the Complaint. Thus, Plaintiff was domiciled in the State of California when the Complaint was filed, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

**2. Defendant Northrop is a Citizen of Delaware and Virginia.**

9. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 651649761.3

3

NOTICE OF REMOVAL

coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. Northrop is now and, prior to and after the commencement of this action, has been a corporation organized and existing under and by virtue of the laws of Delaware. *See also* Nofri Decl., Exh. A (Complaint), ¶ 4 (alleging Northrop is a "Delaware corporation"). Northrop's principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Virginia, as established by the following facts: The headquarters, the principal operations center, and the place of Northrop's high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Falls Church, Virginia. Its corporate headquarters is in Falls Church, Virginia. Northrop's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised.

11. Northrop is therefore a citizen of Virginia and Delaware for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Northrop is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

### B. The Amount In Controversy Requirement Is Satisfied

12. Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations of the complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in

controversy exceeds $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

13. Regarding the amount in controversy requirement, a removing party's notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). Evidence showing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554.

14. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 551 (2014).

15. This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

16. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, statutory penalties, and attorneys' fees. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### 1. Plaintiff's Claim for Lost Wages Alone Exceeds $75,000.

17. A plaintiff's potential recovery for lost wages is included in the amount in controversy. *Chavez*, 888 F.3d at 414-15 ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation). Projecting a plaintiff's anticipated lost wages out over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable. *See, e.g., Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

18. Plaintiff seeks recovery of "general and special damages, including lost wages . . . ." Nofri Decl., Ex. A, Prayer for Relief, ¶ 1. The Complaint alleges, in relevant part, that "Defendant retaliated against Plaintiff by subjecting him to adverse employment actions, including placing him on a PIP and soon thereafter terminating his employment[,]" and that "[a]s a proximate result, Plaintiff has suffered lost income [and] loss of career advancement." *See id*, ¶16, 18. The Complaint also alleges that Plaintiff's employment with Northrop was terminated on March 6, 2025. *Id.*, ¶14.

19. Plaintiff's annual salary at the time of his termination was approximately $126,075. Assuming based on his claim for lost income that Plaintiff seeks past lost wages from his termination to the present (*i.e.*, lost wages for the period from March 6, 2025 to January 21, 2026), Plaintiff's retaliatory termination

claim alone has placed in controversy well over $75,000 ($126,075/12 months)=$10,506.25/month) x approximately 10.5 months = approximately **$110,315.62**).

### 2. Misclassification Damages

20. The Complaint alleges that "Defendant intentionally misclassified Plaintiff as an exempt employee despite his primarily non-discretionary IT duties, in violation of Labor Code §§ 510 and 515.5" and that "Defendant's misclassification was willful, depriving Plaintiff of lawful overtime, meal and rest breaks, and accurate wage statements, and causing Defendant to fail to pay all wages due upon termination." Nofri Decl., Exh. A, ¶¶ 24, 26. The Complaint further alleges that "Plaintiff is entitled to recover unpaid overtime wages under Labor Code § 510, meal and rest break premiums under Wage Order 4, §§ 11-12, waiting time penalties under Labor Code §203, and wage statement penalties under Labor Code § 226." *Id.*, ¶27.

   a. **Plaintiff's Unpaid Overtime Allegations Place an Additional $13,239.85 in Controversy.**

21. Based on the aforementioned allegations, it is plausible and reasonable to assume that Plaintiff seeks to recover at least one hour of unpaid overtime wages per week. *See Perez v. Rose Hills Co.,* No. 2:24-CV-04827-MS-PVC, 2025 WL 2631603, at *4 (C.D. Cal. Aug. 29, 2025) (following direction from the Ninth Circuit in reversing remand order, district court found assumption of one hour of unpaid overtime per week reasonable where plaintiff alleged that defendant "at times" failed to pay overtime).

22. Plaintiff's records show he worked approximately 153 weeks since the start of his employment on October 10, 2022, which is less than three years prior to the filing of his Complaint.

23. Assuming Plaintiff worked one hour of unpaid overtime per week since October of 2022, conservatively using starting weekly exempt salary to calculate an alleged hourly pay rate of $57.69 (without accounting for subsequent

salary increases), his overtime wage claim places in controversy at least **$13,239.85** (153 workweeks x $57.69/hour x 1.5 overtime rate).

      b. **Plaintiff's Allegations of Meal and Rest Period Violations Place an Additional $17, 653.14 in Controversy.**

24. Additionally, based on Plaintiff's allegations, it is plausible and reasonable to assume that Plaintiff seeks to recover one meal period premium and one rest period premium per workweek (20% violation rates). *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (finding assumption of one rest period violation per week plausible); *Santos v. Pictsweet Co.*, No. 2:25-CV-03181-AB-SSC, 2025 WL 2424357, at *6 (C.D. Cal. Aug. 20, 2025) (finding an assumption of one missed meal break and one missed rest break per week reasonable based on allegation that the plaintiff was deprived of compliant meal and rest periods "at times."); *McGill v. Walgreens Co.*, No. EDCV 25-1422-KK-SPX, 2025 WL 2413970, at *3 (C.D. Cal. Aug. 20, 2025) (accepting an assumed 20% violation rate for both meal period and rest period claims).

25. Per Labor Code 226.7 and IWC Wage Orders, for each meal and rest period violation suffered by an employee, the employer owes the employee one additional hour's pay for each type of violation at the employee's regular rate of pay.

26. Thus, assuming Plaintiff experienced one meal period violation and one rest period violation per week from the start of his employment through his termination, and applying Plaintiff's starting salary calculated as an hourly pay rate of $57.69 (without accounting for subsequent salary increases), Plaintiff's meal and rest periods claims place in controversy at least **$17,653.14** ($57.69 x 153 workweeks x 2 violations per workweek).

      c. **Plaintiff's Allegations of Waiting Time Penalties Place an Additional $14,546.40 in Controversy.**

27. Plaintiff alleges that Northrop owes Plaintiff "waiting time penalties" under California Labor Code § 203. Nofri Decl., Exh. A, ¶¶ 24, 26, 27. California

Labor Code § 203 specifies that employers who fail to timely pay employees' wages at the time of their discharge or resignation must pay, as a penalty, "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

28. Because Plaintiff was terminated in March of 2025, it is reasonable to assume that Plaintiff seeks to recover the 30-day maximum amount of waiting time penalties.

29. Here, Plaintiff alleges willfully unpaid overtime wages and meal and rest period violations at the time of his termination. *See* Nofri Decl., ¶¶ 24, 26, 27. Based on Plaintiff's final salary calculated as an hourly pay rate of $60.61 and assuming Plaintiff seeks waiting time penalties based on standard eight (8) hour workdays, Plaintiff's waiting time penalty claim places an additional **$14,546.40** in controversy ($60.61 x 8 hours x 30 days).

### 3. Emotional Distress Damages

30. Plaintiff also asserts damages for emotional distress in an unspecified amount. *See* Nofri Decl., Exh. A, ¶18 Prayer for Relief, ¶1. Emotional distress damages also are included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Furthermore, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek and sometimes recover in excess of $75,000 for such damages. *E.g., Martin v. Arrow Elecs.*, No. SACV041134 (C.D. Cal. June 29, 2006) (awarding over $300,000 non-economic damages in a disability discrimination and wrongful termination case); *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award of $225,000 for emotional distress damages in a single-plaintiff FEHA case); *Ko v.*

*The Square Grp. L.L.C.*, JVR No. 1503030036, 2014 WL 8108413 (Los Angeles County Superior Court Case No. BC487739, June 16, 2014) (jury awarded the plaintiff $125,000 for emotional distress in case alleging claims under FEHA); *Peacock v. Quest Diagnostics*, 27 Trials Digest 14th 10 (2010), 2010 WL 6806990 (C.D. Cal. Case No. 09-cv-09206) (awarding plaintiff alleging claims for violation of the CFRA, disability discrimination, failure to provide reasonable accommodations and engage in the interactive process, and retaliatory termination damages in the amount of $229,638, of which $150,000 was allocated to past non-economic damages).

31. Accordingly, **$100,000** is a conservative estimate of the total additional amounts Plaintiff's alleged entitlement to emotional distress damages places in controversy.

### 4. Plaintiff Also Seeks an Award of Attorneys' Fees.

32. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. Nofri Decl., Exh. A, Prayer for Relief, ¶6. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"). The reasonable estimation of attorneys' fees for purposes of removal is not limited to only those fees incurred as of the time of removal; rather, it is proper to consider future attorneys' fees that would reasonably accrue through the time the action is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 651649761.3

10

NOTICE OF REMOVAL

1 resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

33. Here, Plaintiff's Complaint alleges claims under the Fair Employment and Housing Act ("FEHA"), which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Should Plaintiff prevail in this action, he would be entitled to recover his attorneys' fees, which further increases the amount in controversy.

### C. Summary of Amount in Controversy

34. While Northrop denies any and all liability to Plaintiff, based on a conservative and good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case far exceeds $75,000, exclusive of interests and costs. Based on the conservative estimates detailed above, the Complaint places in controversy at least **$255,755.01** ($110,315.62 in lost wages + $13,239.85 in unpaid overtime + $17,653.14 in meal and rest period premiums + $14,546.40 in waiting time penalties + $100,000 in emotional distress damages) before taking into account attorneys' fees, which are explicitly authorized under FEHA. *See* Cal. Gov't Code § 12965(b). Accordingly, the amount placed in controversy by the Complaint well exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

## IV. VENUE

35. This action was originally filed in the Superior Court for the County of Los Angeles. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

36. Northrop will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

37. Based on the foregoing, Northrop requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this Action Northrop respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: January 21, 2026     MORGAN, LEWIS & BOCKIUS LLP

By */s/ John S. Battenfeld*
John S. Battenfeld
Karen Y. Cho
Eva M. Nofri

Attorneys for Defendant
NORTHROP GRUMMAN
SYSTEMS CORPORATION